# IN RE WAGNER.

PATENTS; PROCESS; PATENTABILITY; ANTICIPATION.

A process for pasteurizing beer in bottles by moving the bottles through heated water which is stationary is not anticipated by a patent for a process involving the moving of heated water around stationary bottles containing the liquor to be pasteurized.

No. 217. Patent Appeals. Submitted January 15, 1903. Decided June 25, 1903.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent for a process.

*Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Hugh K. Wagner* and *Mr. H. C. Evart* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice GOULD of the Supreme Court of the District of Columbia, who sat with the Court in the place of Chief Justice ALVEY, delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents refusing to grant a patent to the applicant Edward Wagner for a process of pasteurizing or sterilizing beer. The process in question is stated in six several counts or claims as follows:

1. "The improved method of pasteurizing beer consisting in continuously moving the receptacles containing the beer through a pasteurizing agent."

2. "The improved method of pasteurizing beer consisting in continuously moving the receptacles containing the beer at a uniform speed through a pasteurizing agent."

3. "The improved method of pasteurizing beer consisting in continuously moving the receptacles containing the beer through a preparatory heating medium; then continuously moving the same through a pasteurizing agent; and then gradually cooling the same."

4. "The improved method of pasteurizing beer consisting in continuously moving the receptacles containing the beer through a pasteurizing agent and then reducing the temperature thereof by cooling-currents falling thereon."

5. "The improved method of pasteurizing beer consisting in moving the receptacles containing the beer through a pasteurizing agent, and then reducing the temperature thereof by means of cooling-sprays."

6. "The herein-described process of pasteurizing beer consisting of continuously moving the receptacles containing the beer through a warming medium; then continuously moving said re-

ceptacles through a pasteuring agent; and then continuously moving said receptacles through cooling media."

As will be perceived, there is little or no substantial difference between the different claims or statements of claim. The Commissioner of Patents and other tribunals of the Patent Office have refused a patent on the ground that the applicant has been anticipated in his alleged invention by others, and reference is made to eight several patents, American and foreign, as showing such anticipation. These patents are:

Meyenberg, November 25, 1884, No. 308,421.

Ackerman and Wagner, December 7, 1886, No. 353,911.

Baker, September 6, 1887, No. 369,424.

Strattner, January 16, 1894, No. 512,919.

Anderson, July 10, 1894, No. 522,748.

Van de Westelaken, November 2, 1897, No. 593, 140.

Ruff, July 19, 1898, No. 607,770.

Swiss patent to Gasquet, No. 11,321 of 1895.

Swiss patent to Boldt, No. 13,400 of 1896.

It is to be noted also that on July 12, 1898, the present applicant obtained a patent No. 607,304 for an apparatus which is capable of executing the process which is here claimed.

From the denial of a patent by the Commissioner the present appeal has been prosecuted.

The invention here claimed is a process for the treatment of bottled beer so as to destroy the yeast molecules and germs contained in the beer, and thereby to prevent further fermentation. The applicant, it seems, as already stated, received a patent on July 12, 1898, for an apparatus whereby this very process was sought to be effected; and one of the objections to his present application is that the alleged invention for which he now claims a patent is not a process in the proper sense of that term, but merely the function of the apparatus contained and described in the applicant's previous patent. It appears, also, that, on June 30, 1899, the applicant filed an application in the Patent Office for an improvement in apparatus for pasteurizing beer, and that he received a patent for it, No. 654,369, on July 24, 1900, which was subsequently to the date of the present application.

This present application, which was made on June 2, 1900, is claimed to have been a division of the application of June 30, 1899, which resulted in the last-mentioned patent; and it is claimed that, regarding it as a divisional application, the applicant is entitled to go behind a previous foreign patent, the Swiss patent to Gasquet, above mentioned. But this contention was negatived by the tribunals of the Patent Office; and it is not apparent that the applicant has any solid foundation for his claim of conception of the invention prior to that patent. We do not deem it necessary to consider the question here.

That there was involved in the applicant's invention, which resulted in the issue of a patent to him for an apparatus on July 12, 1898, the discovery also of a process, which is claimed in the present application, we think to be quite clear. Indeed, while there are expressions in the opinion of the Commissioner of Patents which imply that all which the applicant invented was an apparatus and the function of that apparatus, yet it is conceded that the apparatus was designed to give effect to a certain process, and that the apparatus was only one of various modes for giving effect to the process. The burden of the objection to the applicant's claim is not that there was not a true process here, but that the process had been discovered by a previous inventor, and that it had been shown in the Swiss patent of 1895 to Gasquet. For this is the only patent which seems to be seriously insisted on as anticipating the present application. We do not think that the other patents cited have any bearing on the case. Their purpose would seem to be entirely different.

The process of the Swiss patent of 1895 to Abel Gasquet, of Bordeaux, France, is undoubtedly very similar to that of the present application, and is intended for the same precise purpose, the pasteurization of bottled liquors, although the present process is merely for the pasteurization of beer alone, while the Gasquet process purports to be for various other kinds of liquors besides beer. Disregarding elaborate description of either process, we find the Gasquet process to involve the moving of heated water around stationary bottles containing the liquor to be pasteurized, while in the process of the present application the

ALLEN *v.* U. S. ex rel. REGINA MUSIC BOX CO.      271

D. C.]                           Syllabus.

heated water is stationary and the bottles containing the liquor are moved through it.    This to our minds very greatly differentiates the two processes.    It is similar to the difference of being fanned by the air as the result of being borne upon a moving vehicle and being fanned by the same air as the result of its agitation by fans in motion.    The agitation may be the same, but the process of procuring the agitation is different.    The effect of heat in moving water is different from that of stationary water; and the results in one case are shown to be different from those in the other.    Heat is evolved in both cases; but the heat in one case may be better conserved as well as made more effective than in the other.

We think that the applicant is entitled to a patent for his process, and the decision of the Commissioner of Patents is accordingly reversed.

The clerk of the court will certify this opinion and the proceedings in this court in the premises to the Commissioner of Patents according to law.                           *Reversed.*